IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **COX NUCLEAR PHARMACY, INC.,** )<br>)<br>Plaintiff/Counter-Defendant, )<br>)<br>vs. )<br>)<br>**CTI, INC.,** )<br>)<br>Defendant/Counter-Plaintiff. ) | CIVIL ACTION NO. 02-0321-CG-C |

## ORDER ON POST-TRIAL MOTIONS

This cause is before the court on Cox Nuclear Pharmacy, Inc.'s ("Cox Nuclear") motion to vacate, evidentiary filings in support, and CTI, Inc.'s ("CTI") brief in opposition (Docs. 261, 262, 267); CTI's motion for prejudgment interest, Cox Nuclear's response and motion to limit prejudgment interest, brief in support, and CTI's reply (Docs. 266, 270, 271, 272); and Cox Nuclear's motion for judgment as a matter of law or, in the alternative, for a new trial and CTI's response (Docs. 273, 274). The history of this litigation is set forth in the court's order on summary judgment. (Doc. 190).

**I.     MOTION TO VACATE**

Cox Nuclear moves the court to vacate its orders on summary judgment pursuant to FED.R.CIV.P. 60(b)(2) and 60(b)(3). To prevail on a 60(b)(2) motion, the movant must show: (1) that the evidence is newly discovered since the trial; (2) due diligence on the part of the movant to discover the new evidence; (3) that the evidence is not be merely cumulative or impeaching; (4) that the evidence is material; and (5) that the evidence is such that a new trial would probably produce a new result. Scutieri v. Paige, 808 F.2d 785, 793 (11th Cir. 1987).

A.   Rule 60(b)(2)

1.   Whether the evidence was newly discovered since the trial

Cox Nuclear claims that CTI's failure to produce the entire file for the Cox Nuclear cyclotron order was a violation of applicable discovery rules. Cox Nuclear knew of the existence of the order file going into trial. Certain portions thereof were disclosed prior to trial, and Cox Nuclear strenuously argued discovery issues up to and during the trial of this action. Cox Nuclear does not reference any material discovered after the trial.

2.   Whether Cox Nuclear used due diligence in pursuing the order file

Regarding this prong, Cox Nuclear must offer "clear and convincing" evidence that it used "due diligence" in attempting to obtain the documents forming the basis of the instant motion. This Circuit requires that the movant act with the diligence of a "prudent person." See Johnson Waste Materials v. Marshall, 611 F.2d 593, 599 (5th Cir.1980); Serio v. Badger Mutual Insurance Company, 266 F.2d 418, 421 (5th Cir.1959).

Cox Nuclear has not shown that it exercised due diligence. CTI responded with a reasonable response to Cox Nuclear's initial request. Discovery in this case was intensive and Cox Nuclear was persistent in satisfying itself that all relevant documents had been produced. Outside its blanket request for "all documents and records relating to or referring to . . . Cox Nuclear", Cox Nuclear conducted almost no discovery at all on CTI's counterclaim and instead focused its efforts on its case-in-chief. Accordingly, Cox Nuclear did not exercise due diligence.

3.   Whether the evidence is cumulative or merely impeaching

The court finds that several material portions of the order file were produced prior to

2

the disclosure of the entire file. As to the portions of the file already disclosed, obviously the evidence sought would be cumulative. As to the portions not disclosed, the court finds that any failure to disclose was harmless, as discussed below.

> 4. & 5. <u>Whether the evidence is material and would probably produce a different result in a new trial</u>

It appears that the entirety of the order file, in varying degrees, was material to the questions at hand. However, the court finds that the information in the order file almost certainly would not have produced a different result at trial. Issues similar to those Cox Nuclear argues it would have raised, had it had the order file well prior to trial, have been hashed and rehashed throughout the course of this protracted litigation.

As the <u>Scutieri</u> court cautioned, "[a] motion for a new trial under Rule 60(b)(2) is an extraordinary motion and the requirements of the rule must be strictly met." <u>Scutieri v. Paige</u>, 808 F.2d 785, 793 (11th Cir. 1987). After due consideration of all matters presented and in light of the foregoing, the court finds that Cox Nuclear has not satisfied its burden of showing that it is entitled to the extraordinary relief afforded under Rule 60(b)(2).

B.   <u>Rule 60(b)(3)</u>

"The clear and convincing standard governs cases where relief is sought pursuant to Rule 60(b)(3) for 'fraud, ... misrepresentation or other misconduct of an adverse party.'" <u>Booker v. Dugger</u>, 825 F.2d 281, 284 (11th Cir. 1987) (citations omitted). Simply put, Cox Nuclear has not adduced evidence of misconduct on the part of CTI. Again, CTI's response to Cox Nuclear's sole discovery request on the counterclaim was reasonable.

## II.   MOTION FOR JUDGMENT AS A MATTER OF LAW OR, IN THE ALTERNATIVE, FOR A NEW TRIAL

Fed.R.Civ.P. 59(a) provides the following:

A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States.

FED.R.CIV.P. 59(a).

In considering a motion for new trial, the district judge should not substitute his or her own "credibility choices and inferences for the reasonable credibility choices and inferences made by the jury." Redd v. City of Phenix City, Ala., 934 F.2d 1211, 1215 (11th Cir.1991) (citations omitted).

Cox Nuclear's motion for judgment as a matter of law incorporates and reiterates its motion for judgment as a matter of law filed at the close of plaintiff's case-in-chief and again at the close of all evidence. (Docs. 263, 273). This motion for judgment as a matter of law or, in the alternative, motion for a new trial is due to be denied for the reasons stated on the record and in this court's order denying plaintiff's previous motions for judgment as a matter of law, namely that sufficient evidence was introduced upon which the jury could reasonably base its findings. (Doc. 265).

## III.   MOTION FOR PREJUDGMENT INTEREST

TENN. CODE ANN. § 47-14-123 states, in pertinent part:

Prejudgment interest, i.e., interest as an element of, or in the nature of, damages, as permitted by the statutory and common laws of the state as of April 1, 1979, may be awarded by courts or juries in accordance with the principles of equity at any rate not in excess of a maximum effective rate of ten percent (10%) per annum

TENN. CODE ANN. § 47-14-123 (2004).

The purpose of awarding prejudgment interest is to fully compensate the

> plaintiff's loss, not to penalize the defendant's wrongdoing. See <u>Myint v. Allstate Ins. Co.</u>, 970 S.W.2d 920, 927 (Tenn. 1998). Trial courts are afforded a great deal of discretion and are entitled to deference regarding the determination of whether to award prejudgment interest. See <u>Myint</u>, 970 S.W.2d at 927; <u>Mitchell v. Mitchell</u>, 876 S.W.2d 830, 832 (Tenn. 1994); <u>Wilder v. Tennessee Farmers Mut. Ins. Co.</u>, 912 S.W.2d 722, 727 (Tenn.Ct.App. 1995). Thus, an award of prejudgment interest will not be reversed on appeal unless it is clear that the court abused its discretion. See <u>Myint</u>, 970 S.W.2d at 927; <u>Spencer v. A-1 Crane Serv., Inc.</u>, 880 S.W.2d 938, 944 (Tenn.1994). An award of prejudgment interest is generally appropriate when the amount of damages to which the plaintiff is entitled is certain. See <u>Myint</u>, 970 S.W.2d at 927; <u>Mitchell</u>, 876 S.W.2d at 832. The test for determining certainty of damages is whether the amount of damages can be ascertained by computation or by any recognized standard of valuation. See <u>Myint</u>, 970 S.W.2d at 928. Although the certainty of a damage amount supports an award of prejudgment interest, the uncertainty of the amount does not necessarily mandate that the plaintiff's request for prejudgment interest must be denied and the trial court's granting of prejudgment interest under such circumstances is not necessarily an abuse of discretion. See <u>Myint</u>, 970 S.W.2d at 928. Additionally, the plaintiff is generally awarded prejudgment interest when the existence of the obligation itself is not disputed on reasonable grounds. See <u>Myint</u>, 970 S.W.2d at 927; <u>Mitchell</u>, 876 S.W.2d at 832.

<u>Int'l Flight Ctr. v. City of Murfreesboro</u>, 45 S.W.3d 565, 573 (Tenn. Ct. App. 2000).

On June 10, 2004, the jury in this case returned a verdict in favor of CTI in the amount of $272,085.00. (Doc. 265). Those damages were ascertainable by computation and by standard valuation methods presented to the jury at trial. Accordingly, the amount of damages to which CTI is entitled is certain. However, the court finds that an award of the statutory maximum of 10% is not necessary to fully compensate the plaintiff's loss. After due consideration and a review of the record, the court finds that an award of 5% per annum, dating three years and 100 days from May 2, 2002, the date of breach, is appropriate to compensate CTI. That sum is $44,539.94.

## **CONCLUSION**

After due consideration of all matters presented, and for the reasons stated herein, the court

**FINDS AS FOLLOWS**:

Cox Nuclear's motion to vacate is **DENIED**;

Cox Nuclear's motion for judgment as a matter of law or, in the alternative, motion for a new trial is **DENIED**; and

CTI's motion for prejudgment interest is **GRANTED** in the amount of **$44,539.94**;

Judgment shall issue separately.

**DONE** and **ORDERED** this 10th day of August, 2005.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE